IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TERRON MASON MOORE | CRIMINAL ACTION<br>NO. 18-00474-1 |

**PAPPERT, J.**                                                                                             **July 21, 2020**

**MEMORANDUM**

Terron Mason Moore asks the Court to grant him compassionate release. Because extraordinary reasons do not warrant Moore's release, the Court denies the Motion.

I

In 2019, Moore pleaded guilty to seventeen counts of mail fraud, one count of conversion of government funds and four counts of aggravated identity theft. *See* (Judgment 1, ECF No. 31). The Court sentenced him to a total of forty-five months' incarceration followed by a three-year term of supervised release. (*Id.* at 2–3.) As of now, Moore is scheduled to be released from prison in October of 2022. *See* (Gov't Resp. 5, ECF No. 39).

Following the onset of the COVID-19 pandemic, Moore petitioned the warden of his prison for compassionate release. *See* (Mot. for Release ¶ 5, ECF No. 34). The warden denied the request on May 15. (*Id.*) Having exhausted his prison remedies, Moore moved *pro se* for the Court to grant him compassionate release under 18 U.S.C. § 3582(c)(1)(A).[1] (*Id.* at ¶ 1.) The basis for his request was a family "history of high

---

[1]    Moore also asks for relief under the CARES Act, which empowers the Bureau of Prisons to expand its use of home confinement under 18 U.S.C. § 3624(c)(2). *See* (Mot. for Relies ¶ 9); Pub. L. No. 116-136, § 12003(b)(2). Though Moore never mentions home confinement, *see generally* (Mot. for

1

blood pressure, type II diabetes, and cancer." (*Id.* at ¶ 3.)

## II

A district court may reduce an inmate's sentence as a form of compassionate release only if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). As the Third Circuit explained, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Rather, a prisoner must show, at a minimum, that his health conditions render him susceptible to COVID-19. *See, e.g.*, *United States v. Pawlowski*, --- F. App'x ----, No. 20-2033, 2020 WL 3483740, at *2 (3d Cir. June 26, 2020) (unpublished) (noting the government conceded that the prisoner's "health conditions and the risks they present in light of the current COVID-19 outbreak constitute 'extraordinary and compelling reasons'").

As a healthy thirty-five-year-old man with no diagnosed health problems, Moore cannot show that extraordinary and compelling reasons warrant his release. Though he lists a variety of health problems that run in his family, he never claims to be suffering from any of those maladies. *See* (Mot. for Release ¶ 3). Simply put, Moore offers nothing but "the existence of a widespread health risk" to justify his release. *United States v. Roeder*, 807 F. App'x 157, 160 (3d Cir. 2020) (unpublished). But that

---

Release), the Court reads his reference to the CARES Act as a request for the Court to convert his prison term to one of home confinement. The Court, however, is powerless to grant that request. Congress has invested the Bureau of Prisons—not the courts—with the discretion to determine whether home confinement is appropriate for a given prisoner. *See United States v. Pettiway*, No. CR 08-129, 2020 WL 3469043, at *2 (E.D. Pa. June 25, 2020) ("Congress did not provide the courts with the authority to release inmates into home confinement . . . ."); *United States v. Rodriguez-Collazo*, No. 14-CR-00378-JMY, 2020 WL 2126756, at *3 (E.D. Pa. May 4, 2020) (same); *see also United States v. Tapia*, 564 U.S. 319, 331 (2011) (explaining that once "a court sentences a federal offender, the BOP has plenary control" over where the prisoner serves his sentence).

risk, without more, does not constitute an extraordinary and compelling reason for compassionate release. *See id.* at 161 n.16 ("[T]he existence of some health risk to every federal prisoner as the result of this global pandemic does not, without more, provide the sole basis for granting release to each and every prisoner without our Circuit.")

    An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

3