IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TERRON MASON MOORE | CRIMINAL ACTION<br>NO. 18-474 |

**PAPPERT, J.**                                                                                             **January 29, 2021**

### MEMORANDUM

Terron Mason Moore again moves for compassionate release. The Court denies the Motion because Moore presents no extraordinary and compelling reasons warranting his release.

### I
### A

In 2019, Moore pleaded guilty to seventeen counts of mail fraud, one count of conversion of government funds and four counts of aggravated identity theft. *See* (Judgment 1, ECF No. 31). The Court sentenced him to a total of forty-five months' incarceration followed by a three-year term of supervised release. (*Id.* at 2–3.) Moore is currently incarcerated at FCI Morgantown and is scheduled to be released in October of 2022.

### B

Moore moved for compassionate release in June of 2020 and the Court denied the motion in July. *See* (Memorandum Opinion, ECF No. 40). Moore petitioned the warden at FCI Morgantown for compassionate release again on August 14, 2020. (Mot. for Release, Ex. 4, ECF No. 42.) The warden denied Moore's request. (*Id.*)

Moore argues that he is mildly overweight, which supposedly increases his

vulnerability to COVID-19. (Mot. for Release at 14) (claiming to have a BMI of 25, which is the baseline for being considered "overweight"). He also details numerous ways in which he believes FCI Morgantown has failed to protect him from COVID-19. He claims that: the facility does not have a doctor on staff; new inmates are placed in the general population without adequate screening; inmates have been transferred to FCI Morgantown from FCI Elkton, a facility with many COVID-19 cases; visitors have been allowed into the prison without proper screening; inmates are allowed to move throughout the prison, including to the dining hall several times each day; housing units are overly crowded without adequate social distancing; the prison is not conducting enough COVID-19 tests; and there has been a recent increase in positive cases without sufficient communication from the prison's management to the inmates. (*Id.* at 6–9.) Moore further claims that FCI Morgantown has not taken proper precautions to ensure that those who come into contact with COVID-positive inmates are tested and isolated. (*Id.* at 11–13.) He also asserts the 18 U.S.C. § 3553(a) sentencing factors weigh in his favor. (*Id.* at 17.)

## C

On November 30, 2020, before Moore filed this Motion, he tested positive for COVID-19. (*Id.* at 14); (Gov't Exhibit 4, ECF No. 45.) His BOP medical records show that while infected, he had body aches but did not have a fever, cough, shortness of breath or any other complications. (Gov't Exhibit at 15.) They also show that FCI Morgantown responded to his positive test by placing him in an isolation unit. (*Id.* at 4.) He recovered by December 18. (*Id.* at 2.)

The BOP reports that as of today, five staff members and eighty-four of FCI

Morgantown's four hundred and thirty-eight inmates are infected with COVID-19. *See* COVID-19, *COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Jan. 28, 2021). In December, there were 120 inmates with active COVID-19 cases and last week the BOP reported sixty-six active cases among inmates. *See United States v. Hughes*, No. 13-cr-20142, 2021 WL 254315, at *5 (W.D. Tenn. Jan. 25, 2021). To date, one hundred and forty-six inmates including Moore have recovered from COVID-19 at FCI Morgantown and the facility has reported no deaths from COVID-19. *See* COVID-19, *COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Jan. 28, 2021).

II

A district court may reduce an inmate's sentence as a form of compassionate release only if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). As the Third Circuit explained, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Rather, a prisoner must show, at a minimum, that his health conditions render him susceptible to COVID-19. *See, e.g.*, *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020) (noting the government conceded that the prisoner's "health conditions, and the risks they present in light of the COVID-19 outbreak, constitute 'extraordinary and compelling reasons'").

Moore has not presented extraordinary and compelling reasons for his release. Absent evidence of any other risk factors, Moore's slightly elevated BMI of 25 does not justify his release. Courts have consistently denied compassionate release to inmates with significantly higher BMI levels. *See, e.g.*, *United States v. Williams*, No. 15-471-3,

3

2020 WL 4756743, at *5 (E.D. Pa. Aug. 17, 2020) ("[T]he fact that [defendant] suffers from obesity during the age of the COVID-19 pandemic does not necessarily mean, on its own, extraordinary reasons justify the reduction of his sentence."); *United States v. Grasha*, --- F. Supp. 3d ----, 2020 WL 5747829, at *5 (W.D. Pa. Sept. 24, 2020) (obesity and BMI of 48 presented a serious risk but did "not arise to an extraordinary and compelling reason for release"); *United States v. Whitsell*, No. 09-cr-20236, 2020 WL 3639590, at *4 (E.D. Mich. July 6, 2020) ("[O]besity by itself is not sufficient to warrant early release under the compassionate release standard. . . . Other district courts have granted compassionate release only upon a finding of numerous and severe medical conditions that place them at significantly higher risk for severe illness from COVID-19."). He also makes no showing that his condition is not properly managed at the prison. *See United States v. Bermudez*, No. , 2020 WL 7338556, at *1, 4–5 (E.D. Pa. Dec. 14, 2020) (denying release of defendant suffering from obesity, asthma, high blood pressure, sleep apnea and hypothyroidism where defendant did not establish his conditions were not monitored and appropriately managed by his prison); *United States v. Moldover*, No. 14-637, 2020 WL 6731111, at *9 (E.D. Pa. Nov. 13, 2020) (denying release where defendant's purported obesity, asthma and hypertension appeared under control).

     Moore's previous experience with COVID-19 does not present an extraordinary and compelling reason for his release either. Numerous courts have denied compassionate release at least partially because a movant already contracted the virus. *See, e.g.*, *United States v. Evans*, No. 13-173, 2020 WL 6144006, at *5–6 (W.D. Pa. Oct. 20, 2020); *United States v. Amico*, No. 19-86, 2020 WL 5407913, at *4 (E.D. Pa. Sept. 9,

2020) (collecting cases); *United States v. Hilts*, No. 11-133, 2020 WL 4450373, at *2 (W.D. Pa. Aug. 3, 2020). Courts have also stated that the possibility of reinfection is not an extraordinary and compelling reason for compassionate release, particularly where a defendant presented minor symptoms in his first experience with the virus and recovered. *See United States v. Burks*, No. 3:14-cr-208, 2020 WL 4927481, at *3 (W.D.N.C. Aug. 21, 2020) ("Defendant cannot now meet his burden of establishing that his risk is extraordinary and compelling because he has already contracted the virus and escaped unscathed."); *United States v. Logan*, No. 15-cr-027, 2020 WL 3960999, at *2 (W.D.N.C. July 13, 2020) ("The Defendant cannot meet his burden of establishing that his risk of contracting COVID-19 is an extraordinary and compelling reason for a sentence reduction when he has already contracted—and beaten—the virus."). In cases where courts have found a defendant's risk of reinfection supported compassionate release, the prison conditions were worse than what Moore describes at FCI Morgantown. *See, e.g. United States v. Babbit*, --- F. Supp. 3d ----, 2020 WL 6153608, at *1, 8 (E.D. Pa. Oct. 21, 2020) (granting release from prison that failed to test and isolate defendant during first COVID-19 infection with almost 1,000 reported COVID-19 cases and nine deaths); *United States v. Keys*, No. 2:16-CR-00234-KJM, 2020 WL6700412, at *2–4 (E.D. Cal. Nov. 13, 2020) (granting release from prison where over 570 of approximately 700 total inmates were infected and ten inmates died from COVID-19). Moore raises many grievances regarding the conditions at FCI Morgantown. While the Court does not minimize Moore's concerns, by Moore's own admission the prison has taken precautions to mitigate the spread of COVID-19. *See* (Mot. for Release at 14) (explaining that FCI Morgantown recently suspended visitation and increased inmate

testing). In any event, the conditions in the prison, themselves, do not constitute an extraordinary and compelling reason for release. *See United States v. Stephens*, No. 16-cr-20677, 2021 WL 243159, at \*2 (E.D. Mich. Jan. 25, 2021) (denying compassionate release to inmate at FCI Morgantown, despite COVID-19 "outbreak," because he lacked underlying risk factors); *United States v. Atiba*, No. 14-cr-699, 2021 WL 238232, at \*3 (D.N.J. Jan. 25, 2021) (denying compassionate release to inmate at FCI Morgantown with BMI of 30 and type II diabetes because the prison provided adequate medical care and had taken steps to mitigate the spread of COVID-19); *United States v. Hughes*, No. 13-cr-20142, 2021 WL 254315, at \*5–6 (W.D. Tenn. Jan. 25, 2021) (granting release to inmate at FCI Morgantown because his severe health conditions, paired with the conditions at the prison, constituted extraordinary and compelling reasons for release); *see also Raia*, 954 F.3d at 597.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.